CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, writ dismissed and prisoner remanded as stated in opinion. Order to be settled on notice.

---

· ROBERT B. BROWN, Appellant, *v.* N. LESLIE CARPENTER and Others, Composing the Copartnership of N. L. CARPENTER & COMPANY, Respondents.

First Department, February 1, 1918.

Principal and agent — liability of broker for profits to customer on sale of bonds purchased by its representative for customer who was then an undisclosed principal — " short sale " — question of fact.

Where plaintiff purchased bonds of defendants' representative on margin and thereafter disclosed himself to the defendants as the principal in the transaction, and this was verified .by said representative, and then gave the defendants orders to sell the bonds, they are liable to him for the profits realized upon the transaction as the plaintiff's agents or brokers, and a judgment dismissing the complaint upon the ground that there was no contractual relation between the plaintiff and the defendants should be reversed and a new trial granted.

The question whether or not the sale by the defendants was a short sale was one of fact.

APPEAL by the plaintiff, Robert B. Brown, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 9th day of April, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Edward A. Alexander*, for the appellant.

*Louis J. Vorhaus* of counsel [*Joseph Fischer* with him on the brief; *House, Grossman & Vorhaus*, attorneys], for the respondents.

PAGE, J.:

The action was brought by the plaintiff who was a resident of Washington, D. C. On or about the 22d day of July 1915,

plaintiff called at the place of business of A. G. Plant & Co. and told Mr. Plant that he desired to buy six $1,000 Kennecott bonds at 118 and desired to know whether Carpenter & Co. in New York, the house which Plant represented, would carry him along if he paid $3,500 margin, and when Mr. Plant said that they would, he delivered to Plant a check for $3,500. On or about the twentieth day of August plaintiff called at the office of Carpenter & Co., the defendant, in the city of New York, and inquired whether the defendant had purchased the six Kennecott bonds for Plant. He was told that they could not reveal to him Mr. Plant's transactions with them, whereupon the plaintiff informed them that the six Kennecott bonds that Plant had bought on the 22d of July, 1915, were purchased for him and that he desired to sell them and to take the profit, whereupon Mr. Clark, the member of the defendant's firm with whom he was talking, said that he would have to telegraph to Mr. Plant, which the defendant thereupon did, and received a reply: " Take any order from R. B. Brown," signed A. G. Plant & Co. Mr. Clark showed this reply to the plaintiff and stated that they were now ready to take any orders from him and plaintiff put in several orders to sell the six bonds at a price above the then market, but on or about the twenty-eighth day of August he gave orders to sell at 152 and the defendants sold the bonds, and he testified that they promised to settle with him on the following Tuesday at ten o'clock, but when he called upon them and asked for a settlement, Mr. Clark told them that Mr. Plant would settle it in Washington. Plaintiff told Clark that he had nothing to do with Plant; that the bonds were his and demanded a settlement, but was unable to get anything from the defendants; thereupon he returned to Washington and received from Plant a draft on the defendants for $5,250, and there was transferred to plaintiff's account with Plant $335.92. This draft was not paid. Upon the proof of these facts the judge below granted a motion to dismiss the complaint upon the ground that there was no contractual relation between the plaintiff and the defendants and that his remedy, if any, was against Plant. In this the learned justice erred. Plant, in purchasing the bonds, was acting as the agent for an undisclosed principal, and when Brown disclosed himself to the defendants

as the principal and this was verified by Plant, the defendants became the agents or brokers for the plaintiff, and when they executed his order for the sale of these bonds they were required to pay over to him the profits that had been realized upon the transaction. Of course they would have had the right to counterclaim any advances that they may have made to Plant prior to the plaintiff's disclosing himself as the principal, but the answer contains no counterclaim.

It was brought out on the examination of one of the defendants before trial that the defendants claim to have sold the bonds purchased by Plant the next day after they were bought and that they treated this sale of Brown as a short sale. If they had sold the bonds as claimed prior to the plaintiff's disclosing himself as the principal, it was their duty to have so informed the plaintiff when he disclosed himself as principal and directed the sale of the bonds, and they would undoubtedly have done so if it had been a fact that the bonds had been sold. The claim that this transaction was a short sale is also inconsistent with the promise · of the defendants to settle with plaintiff and the further statement that Plant would settle with him, for in a short sale there would have been no settlement to be made until after the transaction had been closed. In a short sale the broker makes a delivery of the bonds, charging the price thereof to the customer and the account is carried until the customer orders the broker to repurchase the bonds, and an adjustment is made between the broker and customer on the difference between the selling and purchasing price. Therefore, the claim of the defendants is contrary to the evidence that was adduced; but if there was any question it was a question of fact to have been submitted to the jury.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and SHEARN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.